AO 472  (Rev. 11/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

**ENTERED**
March 15, 2022
Nathan Ochsner, Clerk

for the

Southern  District of Texas

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No.  4:22cr081-32 |
| Ricardo Enrique Reyna | ) |
| *Defendant* | ) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

☒ **B.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

    ☒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

    ☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

    ☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

    ☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

    ☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C.  Conclusions Regarding Applicability of Any Presumption Established Above**

    ☒ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

    **OR**

    ☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

    ☒ Weight of evidence against the defendant is strong
    ☒ Subject to lengthy period of incarceration if convicted
    ☒ Prior criminal history
    ☐ Participation in criminal activity while on probation, parole, or supervision
    ☒ History of violence or use of weapons
    ☒ History of alcohol or substance abuse
    ☒ Lack of stable employment
    ☒ Lack of stable residence
    ☒ Lack of financially responsible sureties
    ☒ Lack of significant community or family ties to this district

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

☐ Significant family or other ties outside the United States

☐ Lack of legal status in the United States

☐ Subject to removal or deportation after serving any period of incarceration

☐ Prior failure to appear in court as ordered

☒ Prior attempt(s) to evade law enforcement

☐ Use of alias(es) or false documents

☒ Background information unknown or unverified

☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

After considering the pretrial services report, the testimony presented at the hearing, and the factors contained in 18 U.S.C. § 3142(g), the Court concludes that the Defendant failed to rebut the presumption that he poses a danger to the community that cannot be addressed by conditions of release.  Specifically, the only evidence Defendant presented to rebut the presumption was the testimony of Javier Garcia, a second cousin of the Defendant, and the information in the pretrial services report of which the Defendant requested the Court take judicial notice.  The testimony of Mr. Javier Garcia demonstrated that he is a citizen with connections to the community, including friends who are in law enforcement or attorneys.  However, none of the testimony presented by Mr. Garcia established any facts with regard to the character or conduct of the Defendant or facts that demonstrate the ability to mitigate the danger the Defendant poses to the community.  Mr. Garcia testified that he has known the Defendant since he was ayoung child, and would be willing to serve as a third party custodian, but gave no information as to how the arrangement would mitigate the danger the Defendant poses to the community. Simply presenting testimony regarding the good character of the witness fails to rebut the presumption that the Defendant poses a danger to the community.

The Defendant also relied on the testimony from the Task Force Officer that all weapons found in the Defendants home, stash house, and vehicle were seized by law enforcement upon arrest as evidence to rebut the presumption of dangerousness.  In addition, Defense counsel argued that only the final drug transaction about with the TFO testified resulted in a seizure of narcotics (12 kilograms of cocaine) and that this information constituted evidence rebutting the presumption of dangerousness.  The Court disagrees.  The testimony by the TFO demonstrated 7 drug transactions discussed on Title III wire intercepts, confirmed by the exchange of photographs of narcotics and money and by surveillance of the transactions.  The fact that the narcotics were only seized with respect to the final transaction to which the Defendant's arrest was incident does not rebut the presumption of dangerousness.

Even had the Defendant successfully rebutted the presumption, the Court finds that United States met its burden to prove by clear and convincing evidence that no combination of conditions can reasonably assure the safety of the community and by a preponderance of the evidence that no combination of conditions can reasonably assure the appearance of the Defendant on the charges in this case.  The Court bases this conclusion on the following findings and considerations:

(1) The charged offense is conspiracy to possess with the intent to distribute and possession with the intent to distribute cocaine and marijuana in violation of Title 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A), and felon in possession of a firearm in violation of Title 18 U.S.C. 922(g)(1) and 21 US.C. 924(a)(2).  Defendant faces a minimum ten years in prison up to life in prison and a $10 million fine per count if convicted on the cocaine drug conspiracy charges, and a minimum of five years up to forty years in prison and up to a $5 million dollar fine on the marijuana conspiracy charge.  He also faces a minimum of 4 and 5 years of supervised release on each charge respectively.

(2) The weight of the evidence is the least important factor the Court considers when deciding the issue of detention.  The evidence is extensive and includes 2 Title III wiretaps on the Defendant's phone in addition to the conversations he had with other individuals that were captured on other Title III wiretaps of co-Defendants' phones.  The Defendant threw a duffel bag containing 12 kilograms of cocaine out of his car while evading police prior to his arrest. Three kilograms of cocaine were found in his home.  He was captured on a Title III wire intercept while fleeing police, telling his wife and brother-in-law to clear the house and stash house of contraband.  Officers were able to establish surveillance at those locations and saw the brother-in-law go into the house and exit with a cardboard box, that was found during a traffic stop

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

to contain 20 firearms ranging from pistols to assault rifles.  The evidence against the Defendant is substantial, direct, and convincing.

(3) The history and characteristics of the Defendant.  The Defendant's criminal history is not extensive but does include a prior felony conviction for delivery of marijuana.  The Defendant was sentenced to 6 years deferred probation on that charge and his probation was terminate early, a factor that weights in favor of his ability to comply with conditions of release.  However, the Defendant has a substance abuse history, has no current verifiable employment, much of his information is unverified, and he does not have a unsuitable living situation to which he could be released and which has been approved by pre-trial services.  Furthermore, the Defendant instructed co-Defendants, his wife and brother-in-law to remove evidence of illegal activity from his home and stash house.  All in all, law enforcement officers recovered 20 firearms from the Defendant's home, stash house, and on his person.  The cache of 20 firearms included assault rifles.  The Defendant's willingness to instruct alleged co-conspirators to remove and hide evidence from law enforcement illustrates the risk that if released the Defendant would attempt to obstruct or interfere with the evidence in this case.

(4) seriousness of the danger to community or individuals.  The drug trafficking Defendants engaged in is presumed to present a serious danger to the community.  The Defendant is alleged to have trafficked or attempted to traffic a total of 39 kilograms of cocaine and a half ton of marijuana.  He had a total of 20 weapons either in his home, stash house, or on his person, including assault rifles.  These facts constitute clear and convincing evidence that he poses a serious danger to the community which cannot reasonably be addressed by conditions of release.

The Court finds that the United States has met its burden to show by clear and convincing evidence that the Defendant presents a serious danger to the community that cannot be reasonably addressed by conditions of release.  The Court also finds that the United States has met its burden to show by a preponderance of the evidence that the Defendant poses a risk of obstruction or interference with evidence if released on conditions.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:    March 14, 2022

_Christine A Bryan_
United States Magistrate Judge