United States District Court
Southern District of Texas

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

for the

Houston Division of the

Southern District of Texas

**ENTERED**
April 18, 2022
Nathan Ochsner, Clerk

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No.  4:23-cr-81 |
| Francisco Torres-Gonzalez | ) |
| *Defendant* | ) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

   ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

   ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

   ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

   ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

   ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
   **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

AO 472 (Rev. 11/16) Order of Detention Pending Trial

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☒ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☒ Subject to lengthy period of incarceration if convicted
☒ Prior criminal history
☒ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☐ History of alcohol or substance abuse
☒ Lack of stable employment
☐ Lack of stable residence

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

☐ Lack of financially responsible sureties

☐ Lack of significant community or family ties to this district

☐ Significant family or other ties outside the United States

☐ Lack of legal status in the United States

☐ Subject to removal or deportation after serving any period of incarceration

☐ Prior failure to appear in court as ordered

☐ Prior attempt(s) to evade law enforcement

☐ Use of alias(es) or false documents

☐ Background information unknown or unverified

☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

On March 31, 2022, the Court held a hearing to determine whether Defendant Francisco Torres-Gonzalez should be held in custody pending trial in accordance with the Bail Reform Act of 1984, 18 U.S.C. § 3142(f).  The Defendant is charged in an Indictment, Case No. 4:22-cr-81, pending in the Southern District of Texas, Houston Division, with conspiracy to possess with intent to distribute a controlled substance, specifically 5 kilos of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; and possession with intent to distribute a controlled substance, specifically 5 kilos of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2. Assistant United States Attorney Sherin Daniel appeared on behalf of the United States (the "Government"); CJA Attorney Alejandro Ballesteros appeared on behalf of Defendant.

Defendant's Background

Pretrial Services ("PTS") prepared a report after an interview of Defendant. He is 33 years old, born in Rio Grande City, Texas. He is a lifetime resident of Starr County, Texas and has been living with his mother and father for the past year. His siblings reside in Roma, Texas. Defendant is divorced after 17 years of marriage. He has four children, ages 5 (twins), 11, and 16. They are United States citizens and live with their mother. He has extended family in Mexico.

He denied owning a passport or recent travel to Mexico. He has been unemployed for the past year. He has no significant assets or liabilities. He has a substance abuse history that includes daily use of cannabinoids, weekly use of Xanax, and monthly use of cocaine.

Defendant has a history of misdemeanor and felony charges and convictions. In 2017, he was convicted on two charges of felony possession of marijuana. He was sentenced to 3 years in custody on one charge that was suspended for 3 years-probation. On the other charge, he was sentenced to 3 years-probation. He has a misdemeanor DWI conviction. Currently pending, are felony charges for possession of a controlled substance, smuggling of undocumented persons, unlawful possession of a firearm by a felon, and possession of a controlled substance. He also faces two charges for misdemeanor possession of marijuana.

Defendant's father verified his information and is willing to assist the court in any capacity if bond were granted. PTS recommended detention.

Evidence Regarding the Pending Indictment

At the hearing, the Government offered testimony of a Special Agent ("Agent") with the Drug Enforcement Administration ("DEA"), concerning the investigation and Defendant's subsequent arrest. The Court finds Agent's testimony to be credible. He testified to the following:

1.     Agent was familiar with Defendant and the charges leading to his arrest. Agent testified about an investigation that started on December 28, 2020, with a DEA confidential source ("CS") contacting a source of a Mexican cocaine

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

trafficker who offered to provide cocaine for purchase. On December 29, 2020, Defendant met the CS and undercover officers ("UCs") to deliver 6 grams of cocaine as a sample of the product before entering a transaction for a larger amount. After taking delivery of the sample, law enforcement surveilled Defendant and followed him to his residence. Defendant made heat runs when he left the drug transaction, which is counter-surveillance to avoid being followed. This is common practice for drug dealers. He pulled into parking lots, stopped, then drove again. Despite these heat runs, law enforcement was able to follow him home and continue surveillance.

2.      After the purchase of the sample, the same day, they negotiated to purchase 2 kilos of cocaine. Law enforcement continued to watch Defendant after they made the agreement to buy the additional cocaine. They followed Defendant when he left his residence on his way to do the next transaction.  Law enforcement made a traffic stop of Defendant. He did not give them permission to search his vehicle, so a K-9 was called to the scene. The K-9 made a positive alert. Law enforcement found 2 kilos of cocaine in the car. Additional drugs were also found when Defendant advised that he had more cocaine at his residence and consented to a search of his residence. At his residence, law enforcement seized 15 kilos of cocaine, $5,450 in cash, 3 pistols, and 1 machine gun. The narcotics were tested and confirmed to be cocaine. Agent testified that this amount of drugs indicated that Defendant is a sophisticated drug trafficker.

3.      Agent searched Defendant's travel to Mexico. Since 2002, he crossed the border 121 times. Since 2021, he crossed 51 times, which shows a significant increase in the past year.

4.      Agent reviewed Defendant's criminal history which included arrests for possession of marijuana, theft, transporting undocumented aliens, unlawful possession of a weapon by a felon, and possession of controlled substances. On October 2, 2017, in Hogg County, Defendant was arrested for possession of marijuana and sentenced to 3 years of probation. He has been on probation since May 2021. During that time, he has picked up 6 additional charges, 4 of which are felonies. All charges are still pending. An additional charge of transporting undocumented aliens was dismissed. Agent testified that Defendant's frequent travel to Mexico and smuggling experience shows that he could disappear.

Defendant's Evidence

5.      Defendant called his mother to the stand. She testified that she is a US citizen, Defendant could live with her in Start City, Texas. She said she did not have a lot of money but would help with a bond if Defendant was released. Defendant has 4 minor children. The oldest is 17 years old. Defendant went through a turbulent divorce, causing him to go into depression. She said he is a good parent and good provider. He is not working but could get a job at a local paint shop. His mother admitted on cross-examination that she taught her son right from wrong, but he still got into trouble since he was 18 years old. She advised him when he got into trouble, but it did not stop him from continuing to get into more serious trouble. She admitted that parents cannot always control their children.

Order

Based on the Indictment, the evidence presented at hearing, and the information in the Pretrial Services report, the Court concludes as follows:

(1)    The evidence is overwhelming that Defendant committed the offenses with which he is charged, namely: conspiracy to  possess with intent to distribute a controlled substance, specifically 5 kilos of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; and possession with intent to distribute a controlled substance, specifically 5 kilos of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2.

(2)     Pursuant to 18 U.S.C. § 3142(e), the drug charge, which carries a 10 year to life sentence, creates a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of the community or Defendant's appearance as required. See United States v. Trosper, 809 F.2d 1107, 1110 (5th Cir. 1987) (presumption against pretrial release arises based on indictment's allegations).

(3)    In addition to the presumption, the Government established by clear and convincing evidence that Defendant is a danger to the community such that he should be detained pending trial. See 18 U.S.C. § 3142(f) ("[A] finding . . . that no

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence."). Defendant is charged with possession with intent to distribute and conspiracy. The evidence establishes that Defendant was in possession of 17 kilos of cocaine, and that he was delivering 2 of those kilos for sale. He was aware of the drugs he was transporting and storing. A machine gun and 3 pistols were found at his residence. He continued to engage in criminal activities while he was on parole. The evidence implicates Defendant's involvement in a drug trafficking conspiracy, which is inherently dangerous to the community. Defendant's mother testified that Defendant could live with her, but she admitted that, despite teaching him right from wrong and counseling him when he got into trouble, she has not been able to stop him from engaging in criminal activities in the past. Thus, Defendant failed to produce evidence to show that he does not pose a danger to the community.

(4)    In addition to the presumption, the Government established by a preponderance of the evidence that the Defendant is a flight risk because the penalty range for the charge at issue is for jail time of 10 years to life. Because the evidence of guilt is strong, this enhances the risk of flight. He crossed the border into Mexico 51 times since 2021, showing that he can easily flee. In addition, he has pending charges for human smuggling of aliens, showing that he can disappear without detection. In addition, Defendant does not have any legitimate verifiable employment. His mother testified that Defendant could live with her and work in a local paint shop, but this evidence is not enough to overcome the risk of flight that his connections outside the United States, frequent travel to Mexico, smuggling, and the penalty range present. Thus, Defendant's history and characteristics weigh in favor of detention.

(5)    Defendant has not rebutted the presumption that he is a danger to the community or a flight risk. See United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986) (to rebut this presumption, a defendant can show that something about his individual circumstances suggests that "what is true in general is not true in the particular case," including evidence of his marital, family and employment status, ties to and role in the community, clean criminal record and other types of evidence encompassed in § 3142(g)(3)).

(6)    Thus, the Court finds that there are no conditions or combination of conditions that will reasonably assure safety to the community or Defendant's appearance such that it cannot safely release him on bond.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:           04/05/2022                          _Dena Palermo_

United States Magistrate Judge