United States District Court
Southern District of Texas
**ENTERED**
August 01, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 4:22-CR-81-7 |
| § | |
| CALVIN PAUL BROUSSARD § | |

## ORDER FOR BOND REVOCATION AND DETENTION

Pending before the Court is the Petition for Action on Conditions of Pretrial Release. (Dkt. No. 755.) The Court held hearings on July 27 and 29, 2022.

Previously, on March 8, 2022, despite the opposition of both U.S. Probation and the Government, the Court Ordered that Defendant be released on bond and placed into a residential substance abuse treatment center. (*See* Dkt. No. 397.) On May 3, 2022, a first Petition for Action on Conditions of Pretrial Release (Dkt. No. 682) was filed regarding Defendant's conduct while at the Cheyenne Center (residential substance treatment facility). U.S. Probation stated:

> The counselor reported the defendant's participation in treatment was minimal and that he was in denial about his substance abuse issues. She stated the defendant did, however, comply with all conditions of treatment and all drug screens have been negative for illicit substances. She indicated the defendant has reach the maximum benefit of treatment and is scheduled to be discharged today.

(*Id.*) U.S. Probation recommended that Defendant be released on bond, which included Home Detention and GPS monitoring, and the Court concurred with this recommendation. (*Id.*)

Approximately two months later, on July 14, 2022, a second Petition for Action on Conditions of Pretrial Release was filed. (Dkt. No. 755.) U.S. Probation stated that on the following eight dates, Defendant traveled to several different locations *without* receiving advance authorization: June 28, 29, and 30; and July 2, 8, 9, 10, and 12. (*Id.*) Before filing the Petition, U.S. Probation stated that Defendant was given several warnings about needing prior authorization.

(*Id.*) Specifically, on June 29, the U.S. Probation Officer admonished Defendant that he needed to obtain prior authorization. (*Id.*) Defendant, however, responded that "he was too busy to request a schedule." (*Id.*)

At the July 27, 2022 hearing, Defendant admitted that each alleged violation was true. Therefore, the Court found that Defendant violated the conditions of release.

At both hearings on July 27 and 29, 2022, Defendant was very remorseful and respectfully requested a second chance to be placed on a pre-trial bond. Defendant further asserted that he had not committed any new law violations and that his violations were technical. Finally, Defendant argued that he has not tested positive for any prohibited substance while on a pre-trial bond.

At the July 29 hearing, U.S. Probation informed the Court that it spoke to Defendant's girlfriend after he had been taken into custody on July 20, 2022. Defendant's girlfriend stated that if Defendant was released on bond, he could not live with her because she no longer felt comfortable with him in her residence. Defendant responded that he could live with his mother.

Both U.S. Probation and the Government are strongly opposed to Defendant being released a second time on a pre-trial bond. The Government's position is based on Defendant facing a mandatory-minimum sentence, his criminal history, and his multiple violations while on bond for a short period of time from May to July, 2022. The Court agrees that Defendant is unlikely to abide by any conditions of release. *See* Bail Reform Act, 18 U.S.C. §§ 3148(b)(1)(B) and (b)(2)(B).

For these reasons, and all others stated on the record, the Petition is **GRANTED**, Defendant's bond is hereby **REVOKED**, and the Marshal is **ORDERED** to detain Defendant in custody for proceedings before U.S. District Judge Alfred H. Bennett.

IT IS SO ORDERED.

SIGNED THIS 1st day of August, 2022.

_____
Sam Sheldon
United States Magistrate Judge