United States District Court
Southern District of Texas
**ENTERED**
January 08, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V. § | CASE NO. 4:22-cr-00081-7 |
| § | |
| CALVIN PAUL BROUSSARD § | |

## ORDER OF DETENTION PENDING TRIAL

On January 8, 2024, I held a hearing on the Petition for Action on Conditions of Pretrial Release ("Petition"). *See* Dkt. 1289. I make the following findings of fact and conclusions of law:

Mr. Broussard was released on bond on March 14, 2022. The conditions of release required him, among other things, to be subject to home detention monitored by GPS. In July 2022, a Petition for Action was filed alleging eight home detention violations, all which occurred in June and July 2022. As a result, Mr. Broussard's bond was revoked. In November 2022, Mr. Broussard was put back on bond, this time with the condition that he be subject to a curfew.

The Petition alleges that Mr. Broussard violated his curfew on four separate occasions in November 2023—November 4, 9, 19, and 24. On one of those occasions, Mr. Broussard was reportedly consuming alcohol, which he was also prohibited from doing under his pretrial conditions of release. There is no question that Mr. Broussard violated the terms of his pretrial release by failing to abide by his curfew.

Revocation of supervised release is governed by 18 U.S.C. § 3148. Pursuant to 18 U.S.C. § 3148(b)(1)(B), I find by clear and convincing evidence that Mr. Broussard violated the terms of his pretrial release. Due to this failure to abide by the conditions of his pretrial release, I find that, pursuant to 18 U.S.C. § 3148(b)(2)(B), Mr. Broussard is unlikely to abide by any condition or combination of conditions of release. Therefore, Mr. Broussard's bond is revoked, and he is ordered detained pending trial in this matter.

SIGNED this 8th day of January 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE